I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:       DATE:     DEPUTY CLERK:
Plaintiff   09/06/2018   N. Boehme

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-5020-JFW (DFM) | Date | September 6, 2018 |
| Title | Veil V. Douglass v. Michael Lin et al. | | |

Present: The Honorable    Douglas F. McCormick

| Nancy Boehme | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**       (In Chambers) Order to Show Cause

    Plaintiff filed his Second Amended Complaint ("SAC") on October 16, 2017. See Dkt. 8. On November 30, 2017, the Court directed service of process on Defendants Michael Lin, Jaspal Dhaiwal, and John Doe Alsayyid in their individual capacity. See Dkt. 9. On August 7, 2018, the United States Marshals Service ("USMS") filed USM-285 Process Receipt and Return forms regarding efforts to serve defendants Lin and Alsayyid.1  See Dkts. 22-23. The Deputy Marshal who signed the forms indicated that Lin is "[n]o longer employed by FBOP" and that Alsayyid is "[n]o longer detailed to FBOP." Dkts. 22-23. The Deputy Marshal also noted that no one at USP Lompoc is authorized to accept service for Lin or Alsayyid. See id.

    Although an incarcerated pro se plaintiff is entitled to rely on the USMS to make service, it is ultimately a plaintiff's responsibility to provide the USMS with a defendant's correct address. See Furnace v. Knuckles, No. 09-6075, 2011 WL 3809770, at *2 (N.D. Cal. Aug. 29, 2011) ("It is plaintiff's responsibility to provide accurate addresses for defendants in order that they can be served by the United States Marshal."). At the same time, this Court has an "obligation to assist a pro se incarcerated litigant to obtain discovery . . . so that service can be effected." Carpio v. Luther, 2009 WL 605300, at *1 (W.D.N.Y. Mar. 9, 2009) (citing Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997)); see also Billman v. Ind. Dep't of Corrs., 56 F.3d 785, 790 (7th Cir. 1995) ("[B]ecause [plaintiff] is a prisoner he may not be in a position to identify the proper defendants, or all of them, in his complaint. . . . We think it is the duty of the district court to assist [the incarcerated pro se litigant], within reason, to make the necessary investigation.").

    The Court thus authorizes Plaintiff to submit two written questions or interrogatories to the Bureau of Prisons ("BOP") to determine the last known addresses for service of process of Lin and of Alsayyid. Plaintiff's discovery shall be served within thirty (30) days of the date of this order and shall be served pursuant to Federal Rule of Civil Procedure 31, the text of which is set forth at the end of this Order. Plaintiff should send his discovery request by U.S. Mail to BOP's Consolidated

---

    [1] The Court has received Defendant Dhaiwal's Waiver of Service of Summons, see Dkt. 24, and the USMS's USM-285 Process Receipt and Return noting the same, see Dkt. 25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5020-JFW (DFM) | Date | September 6, 2018 |
|---|---|---|---|
| Title | Veil V. Douglass v. Michael Lin et al. | | |

Legal Center, MDC Los Angeles, 535 N. Alameda Street, Los Angeles, California 90012.

To address potential security issues from releasing a former employee's home address, however, the Court ORDERS as follows: If Plaintiff serves discovery as authorized above to learn Lin's and Alsayyid's last known service addresses, the BOP may serve its response by (1) serving a redacted written response on Plaintiff in which Lin's and Alsayyid's personal information is deleted; (2) lodging an unredacted copy of the written response with the Court; and (3) forwarding an unredacted copy of the written response to the USMS so that it may attempt service at Lin's and Alsayyid's last known service addresses.

The Clerk is directed to serve a copy of this Order on the BOP's Consolidated Legal Center, MDC Los Angeles, 535 N. Alameda Street, Los Angeles, California 90012.

*Rule 31. Depositions by Written Questions*

*(a) When a Deposition May Be Taken.*

*(1) Without Leave. A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.*

*(2) With Leave. A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):*

*(A) if the parties have not stipulated to the deposition and:*

*(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the plaintiffs, or by the defendants, or by the third-party defendants;*

*(ii) the deponent has already been deposed in the case; or*

*(iii) the party seeks to take a deposition before the time specified in Rule 26(d); or*

*(B) if the deponent is confined in prison.*

*(3) Service; Required Notice. A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5020-JFW (DFM) | Date | September 6, 2018 |
|---|---|---|---|
| Title | Veil V. Douglass v. Michael Lin et al. | | |

    *(4) Questions Directed to an Organization. A public or private corporation, a partnership, an association, or a governmental agency may be deposed by written questions in accordance with Rule 30(b)(6).*

    *(5) Questions from Other Parties. Any questions to the deponent from other parties must be served on all parties as follows: cross-questions, within 14 days after being served with the notice and direct questions; redirect questions, within 7 days after being served with cross-questions; and recross-questions, within 7 days after being served with redirect questions. The court may, for good cause, extend or shorten these times.*

*(b) Delivery to the Officer; Officer's Duties. The party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice. The officer must promptly proceed in the manner provided in Rule 30(c), (e), and (f) to:*

    *(1) take the deponent's testimony in response to the questions;*

    *(2) prepare and certify the deposition; and*

    *(3) send it to the party, attaching a copy of the questions and of the notice.*

*(c) Notice of Completion or Filing.*

    *(1) Completion. The party who noticed the deposition must notify all other parties when it is completed.*

    *(2) Filing. A party who files the deposition must promptly notify all other parties of the filing.*

|  | : |
|---|---|
| Initials of Clerk | nb |